SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-3600 PA (VBKx) | Date | May 29, 2009 |
|---|---|---|---|
| Title | Randee Kay v. Allstar Financial Service, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:  IN CHAMBERS - ORDER**

Before the Court is a Notice of Removal filed by defendant Allstar Financial Service, Inc. (the "Removing Defendant") on May 20, 2009.  The Removing Defendant asserts that federal jurisdiction exists on the basis of a federal question.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).  The "burden of establishing federal subject matter jurisdiction is on the party seeking removal."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  An action may be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).  "The removal statute is 'strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.'"  Hofler v. Aetna US Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002) (quoting Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

The removing party must strictly comply with the removal statute.  Any doubts about the right to remove are resolved against removal.  The removing party has the burden of establishing that removal is proper.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  A defendant seeking removal must file a notice of removal containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served on the defendant.  28 U.S.C. § 1446(a).  "[A]ll defendants must join a notice of removal . . . and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint."  Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998); 28 U.S.C. § 1446(b).  "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."  Prize Frize, Inc.  v.  Matrix (U.S.)  Inc., 167 F.3d 1261, 1266 (9th Cir.  1999).

SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-3600 PA (VBKx) | Date | May 29, 2009 |
|---|---|---|---|
| Title | Randee Kay v. Allstar Financial Service, Inc. | | |

This is the second time Removing Defendant has filed a Notice of Removal of Plaintiff Randee Kaye's ("Plaintiff") Complaint. Removing Defendant's first Notice of Removal was assigned case number CV 09–3511 PA (VBKx). That case was removed on May 18, 2009. After conducting a telephonic status conference on May 20, 2009 to discuss the procedural defects in Removing Defendant's Notice of Removal, and after Plaintiff's counsel refused to waive the procedural deficiencies, the Court remanded the action to Los Angeles Superior Court for failure of all defendants to join in the Notice of Removal and the Notice of Removal's inadequate allegations concerning the timeliness of the removal. Attempting to cure the first Notice of Removal's procedural defects, Removing Defendant then filed a second Notice of Removal on the same day as the Court's order remanding case number 09-3511 PA (VBKx).

A second removal is permissible when made on new grounds arising from subsequent pleadings or events. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added). However "a party is not entitled, under existing laws, to file a second petition for removal upon the same grounds where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit because [of counsel's failure to follow proper procedure]." St. Paul & C. Ry. Co. v. McLean, 108 U.S. 212, 217, 2 S. Ct. 498, 500, 27 L. Ed. 703 (1883). Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64.

By filing the second Notice of Removal after the Court explained in its order remanding the action the defects in the first Notice of Removal, Removing Defendant has impermissibly attempted to remove the action twice on the same grounds. Such successive removals are improper. Because Plaintiff has already indicated that it will not waive Removing Defendant's procedural defects, the Court remands this action to Los Angeles Superior Court. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.